AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

Southern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | 1:19-mj-0067 |
| | ) | |
| KASON DIXON | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____01/15/2019_____ in the county of _____Marion_____ in the
_____Southern_____ District of _____Indiana_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 18 U.S.C. § 924(c) | Possession a Firearm During and in Relation to a Drug Trafficking Crime |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

ANDREW J. SULLIVAN, Special Agent/ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____01/17/2019_____

_____
*Judge's signature*

City and state: _____Indianapolis, IN_____

Hon. TIM A. BAKER, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew J. Sullivan, being duly sworn, state as follows:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been so employed since approximately May 2018.

2.      As part of my duties as an ATF Special Agent, I investigate criminal violations relating to violations of the Gun Control Act of 1968, National Firearms Act of 1934, and other violations of federal firearms statutes relating to the unlawful possession and trafficking of firearms. I have received training in the history of firearms laws and regulations, firearms criminal violations, interstate controls, firearms identification and investigative call analysis, among other areas of federal criminal law.  As a federal agent, your Affiant is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

3.      This affidavit is made in support of a finding of probable cause and complaint charging Kason DIXON (DIXON) (B/M, DOB XX/XX/1998), with Possession with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1), and Possessing a Firearm During and in Relation to a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c).

4.      The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of presenting probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that DIXON committed the offenses of Possession with Intent to Distribute a

Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1), and

Possessing a Firearm During and in Relation to a Drug Trafficking Crime in violation of Title 18,

United States Code, Section 924(c).

## FACTS SUPPORTING PROBABLE CAUSE

5.　　On or about January 15, 2019, Indianapolis Metropolitan Police Department

Officers and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents (SAs)

were conducting surveillance in the area of 426 N. Denny Street, Indianapolis, Indiana, within the

Southern District of Indiana. The purpose of this surveillance was to locate and arrest DIXON

pursuant to an active felony arrest warrant issued by a Marion County Superior Court.

6.　　On January 15, 2019, IMPD officers William Wogan and Brett Lorah were in the

area of 426 N. Denny Street (the residence). IMPD officers Wogan and Lorah observed a gray

Pontiac G6 parked along the west side curb facing northbound against traffic directly in front of

the residence.  Officer Wogan and Officer Lorah observed a tall black male with dreadlocks exit

the passenger side of the vehicle.  Both Officer Wogan and Officer Lorah recognized the male to

be DIXON. Through the course of their investigation, Officers were familiar with DIXON and

able to identify him. DIXON was wearing a dark hooded sweatshirt, sweatpants and carrying a

gray and blue backpack.  DIXON walked from the gray Pontiac and towards the front porch of the

residence.  Officers observed what appeared to be the end of a high capacity pistol magazine

protruding from DIXON's right side.　 While driving northbound past DIXON, both officers

confirmed that DIXON did appear to have a dark colored pistol with a dark green high capacity

magazine tucked in the right side of his waistband.  Officers then observed Mr. DIXON walk in

the front door of the residence.

7.      IMPD officers and ATF SAs then established a total perimeter of the residence to ensure DIXON did not escape and to monitor any subjects coming or going.

8.      IMPD officers drafted a search warrant and affidavit that was granted by the Honorable Jason Reyome, Marion County Superior Court. The warrant was issued on January 15, 2019, at 1:27p.m. and authorized law enforcement to search the residence for DIXON, the firearm he was carrying when he was observed by IMPD officers, as well as ammunition for the firearm. DIXON did not have a valid license to carry a handgun.

9.      The IMPD Special Weapons and Tactics (SWAT) unit executed this warrant at approximately 2:25 p.m.  DIXON was located inside and arrested on the outstanding warrant. After narcotics were located inside, IMPD officers drafted an additional search warrant for narcotics and that search warrant was also issued.  During the search of the residence, IMPD officers located the gray and blue backpack they had observed DIXON carrying as he entered the residence.  IMPD officers searched this bag and located two (2) firearms. The first firearm was a Glock model 19 9mm semiautomatic pistol bearing serial number BGBA079. The pistol had a green thirty (30) round extended magazine inserted that was loaded with twenty three (23) rounds of ammunition. The second firearm found in the backpack was a Canik model TP9sk, 9mm, semiautomatic pistol, bearing serial number T6472-16-AT16549. Also located in the back pack were two digital scales. Your affiant knows that digital scales are common tools used by drug traffickers and users. Drug traffickers will use these scales to portion out large quantities of controlled substances into smaller amounts for sale.  Two plastic bags of marijuana weighing a total of approximately one half (1/2) a pound were also located inside of the back pack. Marijuana is a Schedule One (I) controlled substance as classified by the Drug Enforcement Administration (DEA). Officers also located a baggie containing approximately fifty (50) white in color oval shaped pills stamped with the letters

"XanaX". Your affiant knows this pill description to be consistent with the controlled substance Alprazolam under the brand name Xanax. Xanax is a Schedule Four (IV) narcotic as classified by the DEA.

10.     IMPD ATF gun liaisons processed the above described firearms for latent prints and DNA. The results of these examinations are pending.

11.     Your affiant knows that it is common for drug traffickers to be armed with firearms to protect their product and themselves from other drug traffickers or those who intend on robbing them or eliminating them for competition. The drug trafficking business is dangerous and often times violent, therefore dealers and traffickers are frequently armed while engaging in the business of dealing narcotics.

12.     Your affiant reviewed DIXON's publicly available social media accounts, including Facebook. DIXON is seen holding a firearm that appears to be one in the same as the one recovered from backpack he carried into the residence. It had a green extended magazine inserted into it and was posted less than twenty four (24) hours before the search warrant was executed and the firearm was recovered. In some of the pictures DIXON posted, similar red curtains as those observed inside of the residence can be seen in the background. DIXON is seen holding various firearms and appears to be smoking marijuana.

13.     DIXON has also posted several messages and photographs on Facebook indicating that he has marijuana for sale. There are also pictures on his publicly available Facebook page of what appears to be marijuana on a digital scale.

14.     Based on my training, experience, and research, the firearms described above (the Glock model 19 and the Canik model TP9sk were not manufactured in the State of Indiana and therefore had to have traveled in interstate commerce prior to January 2019.

## CONCLUSION

15.   Based on the above information set forth in this affidavit, I respectfully submit that there is probable cause to believe that Kason DIXON committed the offenses of Possession with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1), and Possessing a Firearm During and in Relation to a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c).

Andrew J. Sullivan
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Subscribed and sworn
before me this 17th day of January, 2019.

Honorable Tim A. Baker
United States Magistrate Judge
Southern District of Indiana